WENTWORTH, Judge.
Appellant seeks review of an administrative order by which an application for a permit to dredge was denied. We affirm. Rule 17-4.28(8)(a), F.A.C.
In 1973 appellant began constructing a canal on property which abuts Santa Rosa Sound. An application for a permit to connect the canal to the waters of Santa Rosa Sound was filed, but upon receiving a preliminary indication that the permit would be denied the application was withdrawn and construction was limited to an area above the mean high water line. A “cease and desist” order was issued and further construction was terminated. However, appellant’s dredging activity resulted in the construction of a canal 600 feet long and 50 feet wide, and the filling of marsh and submerged land. The canal was initially separated from the waters of Santa Rosa Sound by a 12 foot plug of remaining land. During 1975 the plug was breached by a small ditch running from the canal to the waters of Santa Rosa Sound, and by the end of 1976 the land plug had become completely denuded, effectively connecting the canal with the waters of Santa Rosa Sound.
In 1977 DER issued a notice of violation and orders for corrective action and an administrative hearing was held thereon. In 1978 the agency issued a final order adopting the hearing officer’s recommended order which found that the contested ditch was man-made and that the earthen plug had been denuded by construction activity, and which further found that the canal was a source of water pollution and would continue to cause violations of state water quality standards degrading the wa *385 ters of Santa Rosa Sound. The final order required appellant to completely plug the mouth of the canal and to restore some areas of marsh which had been impermissi-bly filled. Appellant then filed a notice of appeal which was dismissed by this court as untimely filed.
DER thereafter filed in the circuit court a petition for enforcement of its final order and a partial summary judgment was entered by which appellant was required to submit a plan for construction of a “good, sufficient and permanent plug in the subject canal.” After further orders of the court a final judgment was entered which ordered appellant to plug the canal and detailed the manner in which the plug was to be constructed. On appeal this court in August 1981 per curiam affirmed the order without opinion. 404 So.2d 869.
By May 1982 the mandated land plug and seawall had not been constructed and the circuit court entered a clarifying order reiterating the requirement that appellant complete such construction. In September 1982, with neither the seawall nor the land plug yet completed, appellant applied for a new permit to construct bulkheads and dredge open the mouth of the canal and further dredge an 800 foot navigational channel into the waters of Santa Rosa Sound. DER issued a notice of intent to deny the permit and appellant sought an administrative hearing. The agency then filed in the circuit court a motion for contempt; judgment of contempt was held in abeyance, but appellant was instructed to obtain approval from the Army Corps of Engineers and proceed with the land plug and seawall construction as previously ordered.
After an administrative hearing on appellant’s permit application the hearing officer determined that appellant is entitled to be granted the requested permit conditioned on various actions including vacation of, or other relief from, the circuit court order requiring that the canal be plugged, and securing approval from the Board of Trustees for the Internal Improvement Trust Fund for the use of state-owned water bottoms as necessitated by the dredging project. DER rejected the hearing officer’s recommended order and concluded that the classification of Santa Rosa Sound as a Class II water approved for shellfish harvesting precludes issuance of the requested permit. Accordingly, DER denied appellant’s application for a dredging and bulkheading permit.
Rule 17-4.28(8)(a), FAC, establishes that, with regard to Class II waters:
The Department shall not issue a permit for dredging or filling directly in areas approved for shellfish harvesting by the Department of Natural Resources.
The parties agree that the affected area of Santa Rosa Sound is such a Class II water approved for shellfish harvesting. Appellant’s expert suggested that since the area was last surveyed in 1970 it might possibly no longer qualify for Class II designation, and the expert further testified that he was able to find no shellfish in the area. The hearing officer noted that the present case is not a rule challenge, and permitted such testimony only insofar as it might relate to the issue of the environmental impact of the desired dredging.
DNR is not a party in the present proceeding, and, as the hearing officer recognized, this case does not involve a rule challenge. Accordingly, neither Rule 17-4.28(8)(a), nor the Class II designation and approval of Santa Rosa Sound for shellfish harvesting, are properly assailed by appellant. Since the classification is thus presumptively correct, and the rule expressly mandates that the Department “shall not issue a permit for dredging” in such an area, DER properly denied the application for a permit.
Appellant also attacks two alternative grounds cited by DER for denial of the permit, i.e., res judicata and impropriety of conditions recommended by the hearing officer. Although these contentions do not alter our affirmance on the ground first above stated, we note some merit in appellant’s position.
*386 The parties concede that the doctrine of res judicata applies in administrative proceedings. See also Metropolitan Dade County Board of County Commissioners v. Rockmatt Corp., 231 So.2d 41 (Fla. 3d DCA 1970). In the present ease the identical parties are before the administrative tribunal and res judicata should therefore apply to any issues which were previously litigated. However, to the extent that appellant’s position is predicated upon an assertion of changed circumstances or new conditions, the doctrine of res judicata is inapplicable. The agency’s finding that res judicata establishes that the canal “was a source of pollution and should not be connected to Santa Rosa Sound” is proper only insofar as this language is construed so as not to preclude a contrary determination at the present time based on changed circumstances.
Section 120.69(3) provides that:
After the Court has rendered judgment on a petition for enforcement, no other petition shall be filed or adjudicated ... on the basis of the same transaction or occurrence.
While such statutory prohibition might, along with the doctrine of res judicata, preclude administrative action contrary to that mandated by the prior circuit court order, the prohibition expressly applies only in regard to actions “on the basis of the same transaction or occurrence.” Accordingly, to the extent that appellant is seeking a permit for different construction activities upon changed circumstances appellant is not precluded from proceeding on a new application. And § 120.69(3) neither expressly, nor by implication, prohibits an administrative order, in a permissible proceeding, from conditioning relief upon the vacation of the prior circuit court order. We note that the administrative order does not mandate vacation, and to the extent appellant is unable to obtain such vacation the dredging permit, under the terms of the hearing officer’s recommended order, would not issue.
Section 253.77(1), Florida Statutes, provides that:
No Department ... possessing regulatory powers involving the issuance of permits shall issue any permit ... involving the use of ... lands of the state ... until the applicant ... shall have received from the Board of Trustees of the Internal Improvement Trust Fund the required lease, license, easement, or other form of consent authorizing the proposed use....
DER concludes that since appellant has not obtained such consent the requested permit in the present case may not be issued. While this is obviously a correct position, the conditional order recommended by the hearing officer, insofar as it approves appellant’s application subject to issuance of the permit only after the necessary consent is obtained, would not appear to offend the requirements of § 253.77. Such conditional approval of permit application is neither expressly prohibited by the statute nor contrary to the apparent intent and spirit of the provision.
Affirmed.
THOMPSON and WIGGINTON, JJ., concur.